**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JOSEPH EDWARD JAMES,** | ) | **CASE NO. 7:18CV00635** |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **JEFFERY B. KISER,** | ) | **By: Glen E. Conrad** |
| | ) | **Senior United States District Judge** |
| **Defendant.** | ) | |

Joseph Edward James, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Jeffrey B. Kiser, the Warden of Red Onion State Prison ("Red Onion"). The defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). After review of the record, the court concludes that the defendant's motion must be granted.

I.

James, an inmate at Red Onion, alleges that he has "been trying to get the Effergrip denture adhesive placed back on the commissary list for over a year."[1] Compl. 2, ECF No. 1. James asserts that he has "done everything [from] writing letters to having a new set of dentures made," that this product is "available at every facility in the Commonwealth of Virginia," and that it is "listed as a medical item for those of us with an orthodontic device." Compl. Attach. 1, ECF No. 1-1. James has been denied forms to utilize the prison's grievance procedure to ask for Effergrip.

In response to James' letter requesting Effergrip, the Operations Support Manager of the Virginia Department of Corrections ("VDOC") wrote: "This request has been forwarded to the warden for response. The item is available on the master commissary list, [but] the warden may

---

[1] This summary of the plaintiff's allegations, stated in the light most favorable to him, is not intended by the court as making any finding of fact.

make the decision to include and/or exclude items based on institutional restrictions." Id. at 2. Sometime thereafter, the warden stopped by James' cell door "to say they are getting a new product." Mot. Am. 1, ECF No. 13.

James explains that he needs denture adhesive "to ensure [he] can adequately eat [his] food without choking." Compl. 2, ECF No. 1. He has informed Warden Kiser that the adhesive "helps to keep the dentures from moving around while eating or talking, and that without it, he "can only eat half of [his] tray at times." Compl. Attach. 3, ECF No. 1-1. He often eats his food without his "teeth in," has trouble chewing his food, and sometimes gets "choked." Pl.'s Opp'n 1, ECF No. 20. When he eats using his dentures, he suffers pain and develops "mouth sores." Id.

Liberally construed, the § 1983 complaint as amended[2] raises two claims: (1) James has been deprived of Effergrip, which he needs for medical reasons, and (2) James has been deprived of grievance forms. In addition to monetary damages, James seeks interlocutory and permanent injunctive relief ordering that Red Onion provide him access to denture adhesive or transfer him. The defendant has filed a motion to dismiss, and James has responded, making the matter ripe for disposition.

## II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] plaintiff's

---

[2] The court has construed the plaintiff's motion for transfer, ECF No. 7, as a motion to amend his allegations and add a claim for interlocutory relief. The court has also granted his motion to amend to add a claim for monetary damages, ECF No. 13.

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555.[3]

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Every inmate has the right under the Eighth Amendment to serve his term of imprisonment without enduring cruel and unusual punishment at the hands of prison officials. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). On the other hand, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). "[T]he ordinary discomfort accompanying prison life is part and parcel of the punishment those individuals convicted of criminal offenses endure as recompense for their criminal activity." Id.

An inmate's Eighth Amendment protections include a right to the medical care necessary to address his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103–04 (1976). Specifically, a prison official's "deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014).

The first part of this legal standard is objective. It requires showing that the inmate's medical condition is "serious—one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). The second,

---

[3] The court has omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

deliberate indifference part of the standard is subjective. To prove deliberate indifference, the plaintiff must show by a preponderance of the evidence that the defendant knew of and disregarded an excessive risk to inmate safety or health. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). It is not sufficient to show that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction. <u>Jackson</u>, 775 F.3d at 178. Moreover, supervisory prison officials are entitled to rely on the professional judgment of trained medical personnel to determine the nature of an inmate's medical need and the necessary treatment for it. <u>Shakka</u>, 71 F.3d at 167.

James has not satisfied either facet of his Eighth Amendment claim here. He states no facts suggesting that denture adhesive is a basic human need or that the lack of denture adhesive has caused, or is likely to cause, him any serious physical harm. At the most, he alleges that when using his dentures without the adhesive, he experiences discomfort and develops sores in his mouth, because the dentures move around. Without the dentures, he allegedly cannot chew some foods well, and they may cause him to choke. James does not allege, however, that a medical professional has determined that he has a <u>serious</u> <u>medical</u> need for dental adhesive or that the alleged mouth sores he sometimes develops even require medical treatment. Furthermore, without any allegations suggesting that a doctor has diagnosed James with a medical need for Effergrip, the court cannot find that the warden knew preventing James from obtaining this product posed an excessive risk of harm to his health. For the stated reasons, the

court concludes that James has not presented sufficient factual matter in his submissions to state an Eighth Amendment claim.[4]

James also cannot prevail on his second claim. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process" or form. <u>Booker v. South Carolina Dep't of Corr.</u>, 855 F.3d 533, 541 (4th Cir. 2017).

In conclusion, the court has determined that James does not allege sufficient facts to state any actionable constitutional claim so as to proceed with this lawsuit under § 1983. Therefore, the court will grant the motion to dismiss. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff and all counsel of record.

**ENTER:** This 23ᵈ day of October, 2019.

_____
Senior United States District Judge

---

[4] Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008). Given the court's finding that James states no constitutional claim upon which relief can be granted under § 1983, he also has not made a clear showing of a likelihood of success on the merits of his underlying claims as required to warrant preliminary injunctive relief.